## HARPER v. MOFFIT, *et al.*

1. ACTION AGAINST A CONSTABLE. The rule that parol evidence is not admissible to contradict an officer's return, is not applicable in an action against a constable for negligently permitting property, upon which he had levied an execution, to be taken from him.

*Appeal from Johnson District Court.*

THURSDAY, APRIL 18.

ACTION on a constable's bond.   The petition, after setting out the bond, alleged, that on the 14th day of August, 1857, he caused a certain execution to be issued by a justice of the peace, that he delivered the same to the defendant who was acting as constable; that the defendant levied said execution upon one iron axle lumber wagon, and two breaking plows; that afterwards the defendant "freely and voluntarily permitted the said property, to become wholly out of his possession and control, so that the same could not be disposed of in satisfaction of said judgment."

The answer, after denying all the allegations of the petition, alleges that the breaking plows were sold and the proceeds applied on said execution ; that said wagon was left in the possession of one Sheppard, who had a lien on the same for work and labor performed thereon.

On the trial the execution and the return of the defendant thereon, were introduced by the plaintiff.  The defendant then offered as a witness, Solomon Sheppard, " for the purpose of proving that after said Moffit had levied on said wagon, the same was stolen from the possession of said Sheppard, who was a bailee of said wagon, for said constable, Moffit."   To this evidence plaintiff objected, and the objection was overruled by the court.   Judgment was rendered for the defendant, and the plaintiff appeals.

*Mackey & Bradley* for the appellant.

In an action against an officer, for an escape, or for moneys collected, the return of the officer is conclusive as against him, and no evidence can be introduced to impeach or gainsay the facts stated in the return; *Sheldon v. Payne*, 3 Seld. 453; *Townsend v. Oliver*, Sheriff &c., 5 Wend. 207; *Gardner v. Hosmer*, 6 Mass. 327 ; *Haynes v. Small*, 22 Maine 14; *Purington v. Loring*, 7 Mass. 392; *Barrett v. Copeland*, 18 Verm. 69 ; *Paxton v. Steckel*, 2 Barr 93.

*Edmunds & Ransom* for the appellee.

When an officer is prosecuted for not seizing and selling property levied upon by him under attachment or execution, and returned as the property of the debtor, the officer may show notwithstanding such return, that the property was not the debtor's. *Fuller* v. *Holden,* 4 Mass. 498; *Learned* v. *Bryant,* 13 Ib. 224; *Tyler* v. *Ulmer,* 12 Ib. 163; *Whitney* v. *Bradley,* 2 N. H. 83; *Roberts* v. *Wentworth,* 5 Cush. 192; *Cassel* v. *Williams,* 12 Ill. 387. When the statement in the return is a mere matter of opinion, such as the exact hour of the levy, or the value of the property levied upon, the officer may show that he was mistaken, *Williams* v. *Cheesbrough,* 4 Conn. 356, 360; KENT J., in *Denton* v. *Livingston,* 9 John. 96, 99; *Johns* v. *Church,* 12 Pick. 557.

BALDWIN, J.—This cause was submitted to the court, and the only question that is presented for our determination is, whether the defendant, Moffit, was guilty of negligence in the discharge of his duty as constable by permitting a wagon upon which he had levied an execution in favor of plaintiffs to be stolen from him.

The positions assumed by the counsel for appellants, that the return of the officer is *prima facie* evidence against him, and that the court erred in permitting the defendant to introduce evidence to contradict the return in this case, seem to be inapplicable to this case. The return shows that the officer levied on the wagon, but fails to show any disposition of the same by sale, release or otherwise. The plaintiffs, in their petition, charge that the officer negligently permitted the same to be stolen from him. Upon this allegation the defendants joined issue. We do not now undertake to say how far the defendant would have been liable, had the plaintiffs charged the defendant with a malfeasance

in his office, by having levied upon property and failed thereafter by his return to account for the same. The plaintiffs, however, account for the failure of the officer to make his return, by charging that he neglected to discharge his duty. This was a question of fact upon which the jury, or the court which acted in the place of a jury, could properly find; and the evidence does not so far fail to support the finding of the court as to justify our interference.

Judgment affirmed.